## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

Civil Action No. __3:20-cv-00502__

JOHN A. MONTESANTI, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

SALLIE MAE BANK,

    Defendant.

_____/

## CLASS ACTION COMPLAINT

**NOW COMES**, JOHN A. MONTESANTI, individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of SALLIE MAE BANK, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. JOHN A. MONTESANTI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Jacksonville, Florida.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

9. SALLIE MAE BANK ("Sallie Mae") is a bank organized under the laws of the State of Utah. Sallie Mae is a prominent student loan lender and offers student loans to students nationwide.

10. Sallie Mae maintains its headquarters in Newark, Delaware.

11. Sallie Mae is a "person" as defined by 47 U.S.C. § 153(39).

12. Sallie Mae is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0621.

14. At all times relevant, Plaintiff's number ending in 0621 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. A few years ago, Plaintiff obtained a student loan(s) from Sallie Mae to fund his legal education ("subject loan").

17. Plaintiff made timely payments on the subject loan until March 2020.

18. Specifically, in March 2020, Plaintiff's monthly payment nearly doubled.

19. Plaintiff was not in a financial position to make the new monthly payment amount.

20. Consequently, Plaintiff fell behind on the subject loan.

21. The subject loan is a "consumer debt" as defined by Fla. Stat. § 559.55(6).

22. As soon as Plaintiff fell behind on the subject loan, Sallie Mae started placing collection calls to Plaintiff's cellular phone.

23. On multiple occasions, Plaintiff answered Sallie Mae's collection calls.

24. In most of the answered calls, Plaintiff was greeted by an automated prerecorded message stating: "This is Amy calling from Sallie Mae, please hold for the next available representative."

25. On multiple occasions, Plaintiff stayed on the line and was transferred to a live agent.

26. During those calls, once transferred to a live agent, Plaintiff explained that he was unaware that the subject loan had a variable interest rate and advised the live agent that he could not afford the increased monthly payment.

27. Plaintiff further explained that he was a military veteran suffering from cancer and asked if there was a program that Sallie Mae had that could decrease his monthly payment.

28. In response, Sallie Mae's agents advised Plaintiff that there is a program for military veterans and provided Plaintiff with information regarding Sallie Mae's relief program.

29. Plaintiff submitted an application for the relief program but was ultimately denied.

30. Shortly thereafter, Sallie Mae's collection calls continued.

31. In the end of March 2020, Plaintiff answered a collection call from Sallie Mae and explicitly requested that Sallie Mae cease its collection calls.

32. Specifically, Plaintiff stated "I do not want any more phone calls."

33. Moreover, Plaintiff explained to Sallie Mae's agent that he knew his rights and that Sallie Mae was required to cease its collection calls upon Plaintiff's request.

34. Despite Plaintiff's request that the collection calls cease, Sallie Mae continued its collection calls, including prerecorded calls from the phone numbers (877) 604-8834 and (844) 280-0325.

35. Upon answering Sallie Mae's collection calls, Plaintiff was again greeted by automated prerecorded messages stating: "This is Amy calling from Sallie Mae, please hold for the next available representative."

36. In the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemails similar to the prerecorded messages described above.

37. In total, Sallie Mae placed no less than fifty (50) phone calls to Plaintiff's cellular phone number ending in 0621 from March 2020 through the present utilizing a prerecorded voice without Plaintiff's consent.

38. Sallie Mae's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge

Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

39. Due to Sallie Mae's refusal to comply with Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel the phone calls to cease.

## CLASS ALLEGATIONS

40. Paragraphs 13 through 39 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

### TCPA Class

All persons throughout the United States (1) to whom Sallie Mae placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) after he/she requested that Sallie Mae cease calls to his/her cellular telephone number; (5) within the four years preceding the date of this complaint through the date of class certification.

42. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Sallie Mae, Sallie Mae's subsidiaries, parents, successors, predecessors, and any entity in which Sallie Mae or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Sallie Mae have been fully and finally adjudicated and/or released.

**A.    Numerosity**

43. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

44. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

45. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

46. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Sallie Mae.

**B.     Commonality and Predominance**

47. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

48. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

49. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Sallie Mae's conduct.

**D.     Superiority and Manageability**

50. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

51. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

52. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

53. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.   Adequate Representation**

54. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

55. Plaintiff has no interests antagonistic to those of the Putative Class and Sallie Mae has no defenses unique to Plaintiff.

56. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of theTelephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**
**(On behalf of Plaintiff and the Members of TCPA Class)**

57. Paragraphs 13 through 39 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

58. Sallie Mae placed or caused to be placed no less than fifty (50) non-emergency calls, from March 2020 through the present, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

59. As pled above, Sallie Mae used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

60. Upon information and belief, Sallie Mae does not maintain an effective system to process and honor consumer cease requests.

61. Specifically, as pled above, Sallie Mae ignored Plaintiff's requests that the collection calls cease.

62. As pled above, Plaintiff was harmed by Sallie Mae's unlawful phone calls.

63. Upon information and belief, Sallie Mae knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Sallie Mae violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Sallie Mae from placing further violating calls to consumers;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F. an award of such other relief as this Court deems just and proper.

### COUNT II:
**Violations of the Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq.*)**
**(on behalf of Plaintiff)**

64. Paragraphs 13 through 39 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

65. Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

66. Sallie Mae violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after Plaintiff requested that the calls cease.

67. Sallie Mae's frequent collection calls were placed with the intent to harass Plaintiff and pressure Plaintiff into making payment on the subject loan.

68. Plaintiff was harassed and abused by Sallie Mae's incessant collection calls.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Sallie Mae violated Fla. Stat. § 559.72(7);

B. an award of actual damages sustained by Plaintiff as a result of Sallie Mae's violations;

C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E. an award of such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: May 19, 2020                          Respectfully submitted,

**JOHN A. MONTESANTI**

By: *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com